IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>        Defendants.<br>_____/ | No. C 16-1371 CW<br><br>ORDER ON MISCELLANEOUS MOTIONS<br><br>(Docket Nos. 3 & 5) |

The Court considers Plaintiff Franklin H. Wright's motion for leave to proceed in forma pauperis, Plaintiff's motion to resolve cases and Plaintiff's request for counsel.  The Court GRANTS the application to proceed in forma pauperis and DISMISSES Plaintiff's complaint without prejudice.  The Court DENIES Plaintiff's other motions.

I.   Application to Proceed In Forma Pauperis

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  See 28 U.S.C. § 1915(a).  Plaintiff has submitted the required documentation, and it appears from his applications that his assets and income are insufficient to enable him to prosecute these actions.  Accordingly, the application to proceed without the payment of the filing fee is GRANTED (Docket No. 3).

//

//

II. Complaint

The Court's grant of Plaintiff's application to proceed in forma pauperis, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff filed this action requesting the Court to issue a writ of mandamus to compel John King, acting Secretary of the United States Department of Education (Department), or someone else within the Department to appear in person to answer Plaintiff's questions and to "present to Plaintiff the results of the investigation as to his FTCA claim letter." Docket No. 1, Complaint at 4. Attached to Plaintiff's Complaint is a "claim letter filed under the F.T.C.A." that was mailed to the Department on or around July 3, 2015. Id. at 2. Among other things, the letter "suggests that plaintiff's grades and test scores had been altered, perhaps with the knowledge and authority of the . . . Department . . . itself." Id. Plaintiff's theory is that the Department was required to investigate his claim and owes

2

Plaintiff a fiduciary duty that requires it to share with Plaintiff the results of its investigation.

A writ of mandamus may be granted when (1) "the plaintiff's claim is clear and certain"; (2) the duty is "ministerial and so plainly prescribed as to be free from doubt"; and (3) "no other adequate remedy is available." Or. Nat. Res. Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995). The "extraordinary remedy of mandamus lies within the discretion of the trial court," even where a plaintiff satisfies these three requirements. Id.

Here, the Complaint's allegations do not sufficiently allege facts that would satisfy the requirements for granting mandamus. Although Plaintiff recounts general propositions regarding fiduciary relationships, Plaintiff and Defendants are not in a fiduciary relationship. Plaintiff quotes California case law that generally describes fiduciary duties and 28 U.S.C. § 530B, which describes general ethical standards for Government attorneys. These legal references are insufficient to allege a fiduciary relationship. In addition, Plaintiff cites no legal authority that creates a duty to investigate Plaintiff's letter or a duty to share results with Plaintiff. Finally, Plaintiff's allegations do not discuss any other potential remedy.

For these reasons, the Court finds that Plaintiff has failed to state a claim on which relief may be granted. The Court dismisses the Complaint without prejudice.

III. Other Motions

Because the Court dismisses the Complaint, it DENIES Plaintiff's motion "for an in-person hearing to resolve all related cases pending in both State and District Courts to be

3

heard in person."[1]  Docket No. 5, Motion to Resolve at 1.  The Court also DENIES Plaintiff's request for counsel under 28 U.S.C. § 1915(e)(1).  See United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) ("It is true that the appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district court.  It is a privilege and not a right.").

IV.  Conclusion

In sum, the Court GRANTS Plaintiff's application to proceed in forma pauperis (Docket No. 3), DENIES Plaintiff's motion to resolve cases and request for counsel (Docket No. 5) and DISMISSES Plaintiff's Complaint without prejudice.  If Plaintiff chooses to amend his Complaint, he must do so within thirty days of this order.  Failure to timely amend shall result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 4, 2016

CLAUDIA WILKEN
United States District Judge

---

[1] The Court has reviewed Plaintiff's Notice of Request for Hearing, filed in case number 16-513 at docket number 15.  This document does not persuade the Court otherwise.

4